**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4410

DANNY RECARDO HOOKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-96-229)

Submitted: January 13, 1998

Decided: January 27, 1998

Before HALL and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert B. Rigney, KNIGHT, DUDLEY, CLARKE & DOLPH,
P.L.C., Norfolk, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Dana O. Washington, Special Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Danny Recardo Hooks appeals his conviction and sentence for theft of government property, in violation of 18 U.S.C. § 641 (West Supp. 1997). Hooks contends that: (1) the evidence was insufficient to support his conviction; (2) the district court abused its discretion in denying his motion for new trial based on newly discovered evidence; (3) the district court erred in awarding a two-level enhancement under U.S. Sentencing Guidelines Manual§ 2B1.1(b)(4)(A) (1995), for more than minimal planning; and (4) the district court erred in upwardly departing from the applicable guideline range under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1995).

We have reviewed the record and the briefs of the parties and hold that the evidence was sufficient for a reasonable jury to find Hooks guilty of theft of government property in excess of $100 beyond a reasonable doubt. See United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995); see also United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). Hooks and an accomplice gained entry, by use of a contractor's license, to a decommissioned Navy ship. They willfully removed nine pieces of barstock metal from the ship, valued substantially more than $100, without authorization. They were arrested when they attempted to transport the barstock off the base. These facts clearly establish every element of the offense beyond a reasonable doubt.

The district court did not abuse its discretion in denying Hooks' motion for new trial. See United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). The allegedly exculpatory evidence upon which Hooks sought a new trial was not in the government's possession prior to trial and, in any event, would not have affected the outcome. See id.; see generally United States v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991).

2

The district court's finding that the offense involved more than minimal planning was not clearly erroneous because Hooks took numerous steps to perpetrate the scheme, including borrowing a vehicle to transport the property, devising an elaborate plan to deceive the guards, and making several trips on and off of the ship to remove the goods. See United States v. Pearce, 65 F.3d 22, 26 (4th Cir. 1995).

The district court's upward departure of two offense levels because Hooks' criminal history category VI did not adequately represent Hooks' past criminal conduct and tendency to recidivism was not an abuse of discretion. Hooks had many convictions which were not counted in his criminal history score because they were too old; this is an encouraged basis for departure. See United States v. Koon, ___ U.S. ___, 64 U.S.L.W. 4512, 4516-17 (U.S. June 13, 1996) (Nos. 94-1664/8842); United States v. Rybicki, 96 F.3d 754, 756-58 (4th Cir. 1996). The court considered the intervening offense level, and the extent of the departure was not an abuse of discretion. See United States v. Cash, 983 F.2d 558, 561-62 & nn.6-7 (4th Cir. 1992).

Hooks' conviction and sentence are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3